Opinión disidente emitida por el
Juez Presidente Señor Hernández Denton,
a la cual se unió la Juez Asociada Señora Rodríguez Rodríguez.
Hoy, al examinar una controversia que habíamos aten-dido recientemente, este Tribunal desaprovecha la oportu-nidad para reconsiderar una postura que, a nuestro enten-der, atenta contra el buen uso de los fondos públicos. Se trata, una vez más, de un aumento de salario concedido ilegalmente a un alcalde. Como la inexistencia del Regla-mento que exige el Art. 3.012 de la Ley de Municipios Au-tónomos del Estado Libre Asociado de Puerto Rico (Ley de Municipios Autónomos), Ley Núm. 81-1991 (21 L.P.R.A. see. 4112), impedía, sin más, la aprobación del aumento de sueldo en controversia, y que toda interpretación ulterior hecha por el Tribunal era innecesaria, ordenaríamos la res-titución del salario pagado ilegalmente.
I
El 13 de marzo de 1997, la Asamblea Municipal de Vi-llalba aprobó la Ordenanza Núm. 43, Serie 1996-1997, para aumentar el salario del entonces alcalde, Hon. Ber *491 nardo Negrón Montalvo, en ochocientos dólares mensua-les. Posteriormente, el 9 de abril de 1997, enmendó la See. 1 de dicha Ordenanza, para incrementar el salario del al-calde en doscientos dólares. Cuando se realizaron estos au-mentos, el municipio de Villalba no contaba con un regla-mento que regulara ese proceso.
Posteriormente, la Oficina del Contralor emitió un in-forme mediante el cual cuestionó los referidos aumentos. Concluyó, pues, que para aprobar esos aumentos no se con-sideraron los estados financieros auditados del Municipio porque para la fecha de aprobación había un retraso de dos años en su preparación. Además, esos estados financieros, cuando finalmente se prepararon, reflejaron un déficit de sobre un millón de dólares para el año en que se otorgaron los aumentos.
En consecuencia, el Estado Libre Asociado presentó la acción de autos ante el Tribunal de Primera Instancia y solicitó que se decretaran nulas e ilegales las referidas Or-denanzas municipales, y, por ende, se declararan como pa-gos indebidos e ilegales de fondos públicos los aumentos que recibió el alcalde, lo que conllevaba la devolución de la cantidad cobrada, ascendente a $53,200.
El foro de primera instancia concluyó que, al no apro-barse un reglamento antes de conceder el aumento, como requería el Art. 3.012 de la Ley de Municipios Autónomos, supra, esto no lo invalidaba —de suyo— ni convertía en ilegales los pagos realizados. Por ello, desestimó la demanda.
Inconforme, el Estado acudió ante el Tribunal de Apelaciones. El foro apelativo intermedio revocó y concluyó que la ausencia de un reglamento que guiara la evaluación del aumento de salario invalidó la acción de la Asamblea Municipal. En consecuencia, ordenó el rembolso de los pa-gos hechos ilegalmente.
Así las cosas, el exalcalde acudió ante nos y solicitó la revocación de esa determinación.
*492 II
El Art. 3.012 de la Ley de Municipios Autónomos, supra, dispone que:

La Legislatura Municipal aprobará, con el voto de dos terce-ras partes de los miembros del cuerpo, el reglamento que regirá los procedimientos de evaluación, determinación y adjudica-ción, del sueldo del alcalde.

Al considerar aumentos de salarios para el alcalde, la Legis-latura tomará en consideración, entre otros, que dicho cuerpo encuentre necesarios, los siguientes criterios:
(1) El presupuesto del municipio y la situación fiscal de los ingresos y gastos reflejados en los informes de auditoría o single audit.
(2) La población y el aumento en los servicios a la comunidad.
(3) El cumplimiento con los controles fiscales y administra-tivos establecidos por O.C.A.M., la Oficina del Contralor y el gobierno federal.
(4) La complejidad de las funciones y responsabilidades del Primer Ejecutivo.
(5) El costo de vida, información que deberá suplir la Junta de Planificación a solicitud de la Legislatura Municipal.
(6) La habilidad de atraer capital y desarrollo económico al respectivo municipio.
(7) Tomar en cuenta los sueldos devengados por los miem-bros de la Asamblea Legislativa y los Secretarios del Gabinete Constitucional. (Enfasis suplido.)
Como se deduce de lo anterior, el Art. 3.012 antes rese-ñado impone dos requisitos a la Legislatura Municipal para poder aprobar cualquier aumento de salario a un alcalde. En primer lugar, le requiere aprobar un regla-mento que regule dicho proceso, y, en segundo lugar, dis-pone que la Legislatura Municipal “tomará en considera-ción”, como mínimo, los siete criterios enumerados antes de aprobar el aumento. Siendo esto una obligación expresa de la Legislatura Municipal, cualquier aumento de salario contrario al referido mandato de ley es ilegal.
Como señalamos en nuestra opinión disidente en E.L.A. v. Crespo Torres, 180 D.P.R. 776 (2011), este artículo fue *493 incluido mediante enmienda a la Ley de Municipios Autó-nomos como consecuencia de la aprobación de la Ley Núm. 36-1995. Asimismo, el Informe de la Comisión de Asuntos Municipales de 26 de agosto de 1993 sobre el Sustitutivo del P. de la C. 626, que luego se convirtió en la citada Ley enmendatoria, expresó que el texto propuesto sobre el Art. 3.012 buscaba que la entonces llamada Asamblea Municipal tuviera unas guías para establecer un salario justo de acuerdo con las capacidades del alcalde y las circunstan-cias económicas de los municipios. íd., págs. 7-9. A tales efectos, dispuso:
La disparidad en los sueldos de los Alcaldes responde a la falta de guías y criterios uniformes que puedan aplicarse por la Asamblea Municipal para determinar el aumento de salario del Primer Ejecutivo. La importancia de las disposiciones que se introducen en la medida sustitutiva permiten que la Asam-blea Municipal evalúe la capacidad fiscal del municipio para compensar adecuadamente al Alcalde tomando en considera-ción el presupuesto, la población, la complejidad de las funcio-nes, las responsabilidades del Primer Ejecutivo y el costo de vida. Este último, es un dato indispensable que deberá suplir la Junta de Planificación a las Asambleas. Informe de la Co-misión de Asuntos Municipales, supra, pág. 9.
En el presente caso, es necesario señalar que las Orde-nanzas municipales que dieron lugar al aumento en con-troversia no exponen de qué manera se consideraron los criterios en controversia. De hecho, contrario al Informe de la Oficina del Contralor y de los estados financieros audi-tados, la Ordenanza Núm. 43 simplemente expone que “bajo el liderato excelente del Hon. Bernardo Negrón Mon-talvo, el Municipio de Villalba ha logrado un desarrollo económico de gran envergadura”. A su vez, la Ordenanza Núm. 46 se limita a exponer que “por acuerdo general” se acordó el aumento, por ser “la cantidad justa y razonable para los puestos de Alcalde de Puerto Rico”. Ante esta rea-lidad, una mayoría de este Foro concluye que el aumento de salario en controversia fue ilegal. No obstante, al igual que sucedió en E.L.A. v. Crespo Torres, supra, la Sentencia *494 aplica la doctrina de error de derecho y resuelve que el estado de derecho relacionado con esa doctrina cuando se aumentó el salario no conllevaba devolver el cobro de lo indebido. Por lo tanto, el resultado de la Sentencia que hoy se emite es que, a pesar de estar de acuerdo con todo lo que resolvió el Tribunal de Apelaciones, una mayoría de este Tribunal impide la devolución de los pagos ilegales.
1 — I HH i — I
Este caso nos brinda la oportunidad de reafirmar nues-tras expresiones en nuestra opinión disidente en E.L.A. v. Crespo Torres, supra. Por existir una disposición clara y precisa relacionada con el procedimiento que debió seguir el Municipio de Villalba para aumentar el salario del Al-calde, esta Curia debió resolver, sin más, que dicho au-mento era inválido y ordenar el reintegro de los fondos públicos cobrados ilegalmente. Por ello, expresamos que era innecesario examinar la aplicabilidad de la doctrina de error de derecho.